IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. 1:19-cr-3202-WJ

KEVIN RYAN LEE,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER AND RENEWED MOTION FOR IMMEDIATE RELEASE**

**THIS MATTER** is before the Court on Defendant's Motion for Review of Detention Order and Renewed Motion for Immediate Release [Doc. 23], filed March 27, 2020. The Court, having reviewed the briefing and applicable law, finds and concludes that a hearing is not necessary to resolve this matter. *See United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the Court may hold a hearing, but that a hearing is not required).

### BACKGROUND

United States Deputy Marshals arrested Defendant on a supervised release revocation petition on March 4, 2020. Doc. 9 (Arrest Warrant). The petition alleged that Defendant violated his supervised release conditions by committing another crime and not reporting his arrest to United States Probation:

> According to Laguna Tribal Police reports, on February 23, 2020, police officers were called to an assault on a child at the Route 66 Casino. Upon arriving at the casino, officers made contact with the defendant who appeared to have slurred speech and blood shot watery eyes. Furthermore, the defendant had a strong odor of alcohol emitting from his person. The defendant refused to talk with police officers, so they made contact with the defendant's girlfriend, who reported the[] defendant had slapped her son, who was underage. The underage boy reported they

were getting ready to eat, when [he] grabbed a french fry causing the defendant to become upset. According to the police report, the defendant grabbed the boy by the arm and slapped him. Police officer[s] went back to the hotel room where the defendant was at and place[d] him under arrest. During the booking process the defendant agreed to take a breath sample, which returned a positive reading of .18.

Doc. 5 at 1–2 (Violation Report).

On March 6, 2020, Magistrate Judge Jerry H. Ritter presided over Defendant's detention hearing in which he found that "the defendant did not establish, nor did the court find, by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community if released under 18 U.S.C. § 3142(b) (personal recognizance or unsecured appearance bond) or (c) (release on conditions) pending further proceedings." Doc. 15. (Detention Order). Judge Ritter, therefore, ordered that the Defendant be "detained pending a revocation hearing." *Id.*

On March 27, 2020, Defendant filed the subject motion requesting "the Court conduct a de novo hearing to review the Magistrate Judge's Order of Detention." Doc. 23 at 1. Defendant, however, did not provide any argument contesting Judge Ritter's detention order or on 18 U.S.C. § 3142(g)'s detention factors. Instead, Defendant argued that the Court should release him from custody prior to his revocation hearing because he is at a higher risk of contracting the Coronavirus Disease 2019 (COVID-19). Doc. 23 at 1–8. On April 9, 2020, the Court entered an Order directing Defendant to file a reply. Doc. 26. The Order stated:

> Defendant argues to great extent in his motion as to why the Court should release him from pre-trial custody because of COVID-19. Defendant, however, is silent as to 18 U.S.C. § 3142(g)'s detention factors. *If Defendant requests that the Court review the detention order, he is to provide the Court with argument on the detention factors in his reply*. If Defendant's only request is that the Court release him from pre-trial custody because of COVID-19, he is to make that clear in his reply. Defendant is to file his reply in compliance with this Order within 7 days.

*Id.* at 2 (*emphasis* added). Defendant filed a reply on April 15, 2020. Doc. 28. The reply did not include any argument on 18 U.S.C. § 3142(g)'s detention factors—Defendant exclusively argued

that the Court should release him from custody prior to his revocation hearing because he is at a higher risk of contracting COVID-19. *Id.* at 1–4. Accordingly, the Court construes Defendant's motion as a request to be released from custody because he is at a higher risk of contracting COVID-19, not a request that the Court conduct a de novo review of Judge Ritter's detention order.

## LAW

Defendant relies on the following statute for his request that the Court release him from custody prior to his revocation hearing because he is at a higher risk of contracting COVID-19:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for *another compelling reason*.

18 U.S.C. § 3142(i) (*emphasis* added). Defendant's request is based on the "another compelling reason" language; specifically, that his risk of contracting COVID-19 is a compelling reason that warrants his release from custody. Although there is limited caselaw concerning the release of defendants based on the risk of contracting COVID-19, courts that have considered it have concluded that a defendant is not entitled to release based only on generalized COVID-19 fears and speculation. Rather, courts make individualized determinations as to each defendant, which includes whether COVID-19 concerns present compelling reasons to warrant a defendant's release. *See United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. 2020).

## DISCUSSION

Defendant claims he is at a higher risk of contracting COVID-19 for three reasons: his chronic alcoholism, obesity, and the fact that he is of Navajo heritage. Doc. 28 at 2. Based on these reasons, Defendant requests that the Court release him from custody to "live with his long-time girlfriend in Albuquerque, New Mexico." Doc. 23 at 8.

Defendant has not created a factual record showing that his chronic alcoholism, obesity, or

Navajo heritage puts him at a higher risk of contracting COVID-19, and he cites no authoritative sources that support his argument. Instead, he states his reasons in a conclusory manner and uses his motion and reply to discuss what the Court already knows—that COVID-19 is a dangerous pandemic and that proactive measures must be taken to safeguard life. *See* Administrative Orders 20-MC-00004-8, 20-MC-00004-9, and 20-MC-00004-15 (explaining that the Court has been tracking COVID-19 closely, to include the guidance by the Centers for Disease Control and Prevention (CDC), and has taken proactive measures to combat it).

Defendant is currently incarcerated at the Cibola County Correctional Center (CCCC). Defendant has not contracted COVID-19; has not alleged that he has been exposed to anyone with COVID-19; and is 37 years old, which is under the high-risk age according to the CDC. *See* Doc. 1-1 (showing that Defendant was born in 1983); *see* People Who Are at Higher Risk for Severe Illness by the CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited April 23, 2020). There are also no known COVID-19 cases at CCCC, a number of precautionary and preventative measures to protect inmates from COVID-19 have been implemented at CCCC, and there is a medical facility with medical professionals at CCCC should Defendant need medical attention. *See* Doc. 24-1 (Letter from CCCC discussing their plans and procedures to prepare for and prevent the spread of COVID-19). Meanwhile in Albuquerque, where Defendant is requesting to be released to, there are hundreds of COVID-19 cases. *See* COVID-19 in New Mexico by the New Mexico Department of Health, https://cvprovider.nmhealth.org/public-dashboard.html (last visited April 23, 2020). The Court agrees with the United States: "the specter of a COVID-19 outbreak is not a fire alarm that defendants can pull because they wish to get out of jail." Doc. 24 at 10.

The Court also notes that Defendant is requesting to be released to live with the same

girlfriend who he has had two violent outbursts with in the last few months. *See* Doc. 5 (Violation Report). The first time, he punched a mirror during a verbal altercation with her; the second time, he slapped her child. The Court is not going to release the Defendant to live with his girlfriend out of concern for her and her child. It is also clear from the violation report that the Defendant cannot control his drinking. Releasing him prior to his revocation hearing is just not a sound option.

The Court "is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under [18 U.S.C.] § 3142(i) based solely on generalized COVID-19 fears and speculation." *Clark*, 2020 WL 1446895, at *3. The Court finds that Defendant has failed to demonstrate a compelling reason pursuant to 18 U.S.C. § 3142(i) to warrant his release from custody prior to his revocation hearing. Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**